UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: THE SUBPOENA TO PRODUCE DOCUMENTS OF CLAPP, MORONEY, BELLAGAMBA, VUCINICH, BEEMAN & SCHELEY and SUBPOENA TO TESTIFY IN A CIVIL ACTION AND FOR PRODUCTION OF DOCUMENTS OF ADRIENNE E. NORDSTROM, ESQ | Case No. 14-mc-80191-RS (JSC)<br><br>**ORDER RE MOTION TO MODIFY OR QUASH SUBPOENA TO TESTIFY AT CIVIL ACTION AND FOR PRODUCTION OF DOCUMENTS**<br><br>Re: Dkt. No. 1 |

KB Home Coastal, Inc. ("KB Home") and Fidelity & Guaranty Insurance Co. ("Travelers") are involved in an insurance coverage dispute in the United States District Court for the Central District of California. The dispute arises from KB Home's contention that the attorney, Adrienne Nordstrom, and law firm, Clapp, Moroney, Bellagamba, Vucinish, Beeman & Scheley ("the Law Firm" or "Clapp Moroney"), Travelers retained to represent KB Home in construction defect litigation has a conflict of interest which prevents them from representing KB Home. In connection with that litigation, KB Home served subpoenas on Nordstrom and Clapp Moroney. Now pending before the Court is the motion of Nordstrom and Clapp Moroney to quash the subpoenas. Having considered the parties' submissions and having had the benefit of oral argument on July 31, 2014, the Court GRANTS the motion in part and DENIES the motion in part. Clapp Moroney must produce a redacted version of the sought-after conflict check as it is relevant to KB Home's assertion of an actual conflict. The motion to quash the remainder of the subpoenas is granted as KB Home has not demonstrated the documents' relevance and/or that they cannot be obtained from Travelers. Finally, as Ms. Nordstrom has agreed to be deposed again, the motion to quash her deposition subpoena is denied.

**BACKGROUND**

Travelers issued a commercial general liability policy to West Coast Countertops under which KB Home was an additional insured ("the Policy"). The Policy allowed Travelers to retain counsel of its own choosing to represent its insured or any additional insured. In June 2012, KB Home was named as a defendant in a Riverside County construction defect lawsuit ("the Collins lawsuit"). After KB Home tendered its defense of the Collins lawsuit to Travelers under the Policy, Travelers agreed to defend KB Homes under a full reservation of rights. Travelers thereafter retained Nordstrom and Clapp Moroney to represent KB Home in the Collins lawsuit. KB Home subsequently notified Travelers that Nordstrom and the Law Firm were ethically conflicted from representing KB Home in the Collins action because they are, or in the past had, represented parties adverse to KB Home or KB Home-related entities.

Travelers disagreed with KB Home's conflict assessment and thus instituted a declaratory judgment/breach of contract action in the Central District of California against KB Home. *Fidelity & Guaranty Insurance Co. (Travelers) et al., v. KB Home Coastal, Inc., et al.*, No. 13-cv-946 JAK (DBTx) (C.D. Cal.)[1] The gist of the complaint is that KB Home has breached the Policy by unreasonably refusing to accept Travelers' selection of counsel. KB Home filed a cross complaint alleging breach of contract, breach of the covenant of good faith and fair dealing, and for declaratory relief on the grounds that Travelers is obligated to retain unconflicted counsel to represent it in the Collins matter and other lawsuits in which KB Home has tendered its defense to Travelers. KB alleges further that Travelers has a pattern and practice of retaining ethically-conflicted counsel to represent home builder additional insureds such as KB Home.

Pursuant to Federal Rule of Civil Procedure 45, KB Home issued subpoenas to Nordstrom and Clapp Moroney. The subpoena to Clapp Moroney seeks documents related to Travelers retention of Clapp Maroney to represent any KB Home entity in any litigation, including the Collins litigation, and the subpoena to Ms. Nordstrom sought her deposition. (Dkt. No. 1-2, Exs.

---

[1] Defendant's unopposed Request for Judicial Notice of the complaint and cross complaint filed in *Fidelity & Guaranty Insurance Co. (Travelers) et al., v. KB Home Coastal, Inc., et al.*, No. 13-cv-946 JAK (DBTx) (C.D. Cal.) is granted pursuant to Federal Rule of Evidence 201.

B & C.) The documents were to be produced on the same date as Ms. Nordstrom's deposition, June 4, 2014. Neither the Law Firm nor Ms. Nordstrom filed timely objections to the subpoena because of an alleged misunderstanding regarding who was responsible for filing the objections. However, once Ms. Nordstrom realized that objections had not been filed, she and the Law Firm retained counsel from Clapp Maroney on June 5, 2014, who filed a motion to quash the subpoenas on June 6, 2014. The motion to quash, however, was mistakenly filed in the District Court for the Eastern District of California and was denied without prejudice on this basis on June 25, 2014. The next day, the underlying motion to quash was filed. In the interim, Ms. Nordstrom appeared for her deposition on June 9, 2014 at which time she also produced some documents responsive to KB Home's subpoenas; additional documents were produced on June 24.

The parties have engaged in meet and confer efforts since the issuance of the subpoenas and Ms. Nordstrom's deposition and have narrowed the issues in dispute to the following documents:

1. Conflict check reports run by the Law Firm related to the *Collins* action; in particular, conflict checks performed on January 7, 2013 and January 10, 2013.
2. Documents identifying subcontractors represented by the Law Firm in California construction defect actions involving any KB entity (or an authenticated list of the same).
3. Documents identifying insurance carriers, including Travelers, who are current or past clients of the Law Firm (or an authenticated list of the same).
4. Documents identifying construction defect actions in which the Law Firm is currently retained by Travelers as counsel for any KB entity.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. The scope of the discovery that can be requested through a subpoena under Rule 45 is the same as the scope under Rule 26(b). Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of

Rule 26(b)."). Rule 26(b) allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1).

A court must protect a nonparty subject to a subpoena if the subpoena "requires disclosure of privileged or other protected matter" or the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3). A court must also limit discovery if it is unreasonably duplicative, if it can be obtained from a source that is more convenient or less burdensome, or if the burden of producing it outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C). The issuing court also may quash a subpoena if it determines that the subpoena requires disclosure of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3(B).

"On a motion to quash a subpoena, the moving party has the burden of persuasion under Rule 45(c)(3), but the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Chevron Corp. v. Donziger*, No. 12–MC–80237, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (internal citation omitted). "[I]f the sought after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed ... would be by definition undue." *See Compaq Computer Corp. v. Packark Bell Elecs.*, 163 F.R.D. 329, 335–36 (N.D.Cal.1995).

## DISCUSSION

Clapp Moroney and Ms. Nordstrom move to modify or quash the subpoenas on the grounds that the documents they seek are private and contain trade secret client data. They also contend that the documents are of questionable relevance to the underlying claims. KB Home responds that Clapp Moroney and Ms. Nordstrom waived any objections by failing to file timely objections and failing to produce a privilege log until June 24, 2014. In the alternative, KB Home maintains that the documents do not contain trade secret or proprietary information, and to the extent there is any confidential information, it will stipulate to a protective order limiting use of the documents to the Coverage Litigation. Notably, KB Home's written opposition does not offer any explanation for the relevance of the documents sought other than the conflict reports.

**A. Failure to Serve Objections**

Although "the failure to serve written objections to a subpoena within the time specified by

Rule 45(c)(2)(B) typically constitutes a waiver of such objections," it "will not bar consideration of objections in unusual circumstances and for good cause shown." *Leader Technologies, Inc. v. Facebook, Inc.*, No. 10-mc-80028, 2010 WL 761296, at *2 (N.D. Cal. Mar. 2, 2010) (internal citation and quotation marks omitted). "Courts have found unusual circumstances where: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena." *Baker v. Ensign*, No. 11-CV-2060, 2014 WL 3058323, at *6 (S.D. Cal. July 3, 2014) (internal citation omitted). Here, the moving parties' failure to serve objections may be excused under either the second or third grounds.

The Law Firm, a non-party, was under the mistaken understanding that Traveler's, as a party to the Coverage Litigation, would file objections to the subpoenas on its behalf and on behalf of Ms. Norstrom. Ms. Nordstrom attests that when she discovered this was not the case, she retained counsel who moved to quash the subpoenas the next day, which was two days after the date for compliance under the subpoenas. (Dkt. No. 1-2 ¶ 10.) Further, Ms. Nordstrom was in contact with counsel for KB Home prior to the original June 4, 2014 date of her deposition, but she was unable to attend the deposition due to a dental emergency. (Dkt. No. 6-1, Exs. 5-7.) Thus, Ms. Nordstrom appears to have acted in good faith by communicating with counsel for KB, and upon discovering that no objections had been filed to the subpoenas, she promptly obtained counsel who filed a motion to quash, albeit with the incorrect court. Further, Ms. Nordstrom did appear for deposition on June 9 and produced numerous documents at that time. (Dkt. No. 1-2 ¶ 8.) The Court therefore excuses the failure to timely file objections based on these unusual circumstances and for good cause shown.

**B. Failure to File a Privilege Log**

Under Rule 34 of the Federal Rules of Civil Procedure a party generally has 30 days to respond to a document request, including the production of a privilege log; however, privilege is not automatically waived if a log is not filed within this timeframe. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Instead, a

court must make a "case-by-case determination" of whether privilege should be waived, that is, a "holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process." *Id.*

Here, the documents at issue were subpoenaed on April 24, 2014. Although a privilege log was not provided with Clapp Moroney's initial document production on June 9, 2014, it is undisputed it provided KB Home with a privilege log on June 24, 2014. During this period, Clapp Moroney also moved to quash the subpoenas and was actively meeting and conferring with counsel for KB Home regarding the scope the subpoena, as well as producing documents. Accordingly, applying the holistic reasonableness analysis directed by *Burlington*, the Court concludes that the minor delay in production of the privilege log does not constitute waiver, particularly given that KB Home has not raised any objections regarding the substance of the privilege log itself.

**C. Nature of the Documents Sought**

The documents sought here are divisible into two categories. First, the conflict check documents which relate, at least in part, to whether any conflict check was done in relation to the Collins action. Second, documents which seek information about Clapp Moroney's clients generally and other construction defect actions in which Clapp Moroney is currently retained by Travelers as counsel for any KB entity.

First, the conflict check documents are relevant to KB Home's counter claims and defenses in the Coverage Action; namely, to the issue of whether Clapp Moroney in fact had a disqualifying conflict of interest. With respect to Clapp Moroney's argument that the conflict check contains private and proprietary client data, the Court fails to see how this can be the case if the conflict check sought is limited to Clapp Moroney and KB. Accordingly, Clapp Moroney shall produce the requested conflict checks. The checks may be redacted, except for the identification of KB Home and any related entities and the associated case numbers.

In contrast, KB Home has failed to demonstrate how the information regarding Clapp Moroney's clients (subcontractors and insurance carriers) or cases bear on the underlying Coverage Action as it is presently pled. There, KB Home alleges that Travelers has engaged in a

6

pattern and practice of bad faith harassment of its insureds by repeatedly retaining counsel that Travelers knows is unacceptable to KB and is ethically barred from representing KB; however, KB Home has not pled that Clapp Moroney was involved in this alleged pattern and practice beyond the Collins action.  Given these parameters, the Court fails to see the relevance of Clapp Moroney's clients and cases generally and KB Home has made no showing as to relevance. *Optimize Tech. Solutions, LLC. v. Staples, Inc*., No. 14-MC-80095, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014) ("The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.").  At oral argument, KB Home indicated that the information was sought to determine Traveler's knowledge of conflicts or potential conflicts.  KB Home should then ask Travelers, a party to the Coverage Action, for this information.  *See Chevron Corp. v. Donziger*, No. 13-MC-80038, 2013 WL 1402727, at *6 (N.D. Cal. Apr. 5, 2013) (granting a motion to quash where the subpoenaing party had not shown that the information sought was unavailable from parties to the underlying action or other sources).  Having concluded that KB Home has failed to carry its burden of demonstrating the relevance of these documents, the Court finds that it is unnecessary to address Clapp Moroney's argument that this information is protectable trade secret pursuant to *Morlife, Inc. v. Perry*, 56 Cal.App.4th 1514, 1521–22, 66 Cal.Rptr.2d 731 (1997).

## CONCLUSION

Based on the foregoing, the motion to quash or modify the subpoenas issued to Clapp Moroney and Ms. Nordstrom is GRANTED in part and DENIED in part.  Clapp Moroney must produce a redacted version of the sought-after conflict check which reflects any KB Home related-entities and the associated case number(s) within one week.  The motion to quash the remainder of the subpoenas is granted.  As Ms. Nordstrom has agreed to be deposed again, the motion to quash her deposition subpoena is denied.

This Order disposes of Docket No. 1.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: July 31, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

8